RECORD NO. 15-4147

In The
# United States Court of Appeals
For The Fourth Circuit

**UNITED STATES OF AMERICA,**

*Plaintiff – Appellee,*

v.

**GEORGE FRIMPONG EBO-AMISSAH,**

*Defendant – Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
AT BALTIMORE**

---

**BRIEF OF APPELLANT**

---

Francis A. Pommett, III
LAW OFFICES OF NATHANSON & POMMETT, P.C.
2 Dunmanway, Suite 211
Baltimore, Maryland 21222
(410) 288-0888

*Counsel for Appellant*

**THE LEX GROUP** ♦ 1108 East Main Street ♦ Suite 1400 ♦ Richmond, VA 23219
(804) 644-4419 ♦ (800) 856-4419 ♦ Fax: (804) 644-3660 ♦ www.thelexgroup.com

# TABLE OF CONTENTS

                                                                                   **Page**

TABLE OF AUTHORITIES ................................................................................ iii

JURISDICTIONAL STATEMENT ........................................................................ 1

STATEMENT OF THE ISSUES ............................................................................ 1

      A.    Preface ................................................................................................ 1

      B.    Issues ................................................................................................... 1

STATEMENT OF THE CASE ................................................................................ 2

STATEMENT OF FACTS ...................................................................................... 3

SUMMARY OF ARGUMENT ............................................................................... 4

ARGUMENT ........................................................................................................... 5

      I.    THE DISTRICT COURT DID NOT COMMIT PLAIN
            ERROR WHEN ACCEPTING MR. EBO-AMISSAH'S
            GUILTY PLEA PURSUANT TO RULE 11 OF THE
            FEDERAL RULES OF CRIMINAL PROCEDURE ......................... 5

            A.    Standard of Review ...................................................................... 5

            B.    Mr. Ebo-Amissah was properly advised and his plea was
                   knowing and voluntary ............................................................... 5

      II.   THE COURT IMPOSED THE AGREED UPON SENTENCE
            AND MR. EBO-AMISSAH WAIVED HIS RIGHT TO
            APPEAL UNDER PARAGRAPH 12 OF THE PLEA
            AGREEMENT ................................................................................... 8

CONCLUSION ................................................................................................. 9

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Anders v. California*,
    386 U.S. 738 (1967)...................................................................................1

*United States v. Attar*,
    38 F.3d 727 (4th Cir. 1994) ........................................................................8

*United States v. Blick*,
    408 F.3d 162 (4th Cir. 2005) ......................................................................8

*United States v. DeFusco*,
    949 F.2d 114 (4th Cir. 1992) ......................................................................5

*United States v. General*,
    278 F.3d 389 (4th Cir. 2002) ...................................................................5, 8

*United States v. Good*,
    25 F.3d 218 (4th Cir. 1994) ........................................................................5

*United States v. Martin*,
    961 F.2d 493 (4th Cir. 1992) ......................................................................8

*United States v. Martinez*,
    277 F.3d 517 (4th Cir. 2002) ......................................................................5

**STATUTES**

18 U.S.C. § 3553(a) .............................................................................................7

18 U.S.C. § 3742 ..................................................................................................8

21 U.S.C. § 846....................................................................................................1

28 U.S.C. § 1291...............................................................................................1, 8

**RULES**

Fed. R. Crim. P. 11..................................................................................................*passim*

Fed. R. Crim. P. 11(b)(1)-(b)(3) ........................................................................5

# JURISDICTIONAL STATEMENT

George Frimpong Ebo-Amissah appeals his conviction and sentence from the United States District Court for the District of Maryland for violating United States Code, Title 21, Section 846, conspiracy to distribute and possession with intent to distribute heroin. Final Judgment in a Criminal Case was entered by the Honorable Catherine C. Blake on July 8, 2014. Jurisdiction in this Court arguably would rest on Title 28, Section 1291 of the United States Code.

# STATEMENT OF THE ISSUES

A.   **Preface.**

After carefully examining the record and researching the relevant law for any violation of the United States Constitution, applicable federal statutes, the Federal Rules of Criminal Procedure, or case law, counsel concludes that the appeal presents no legally nonfrivolous questions. Therefore, counsel submits this brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).

B.   **Issues.**

1.   Did the district court commit plain error when accepting Mr. Ebo-Amissah's guilty plea pursuant to Rule 11 of the Federal Rules of Criminal Procedure?

2.   Is the waiver of appellate rights contained in the plea agreement valid?

**STATEMENT OF THE CASE**

On June 6, 2012, a three count sealed indictment charging Mr. Ebo-Amissah with conspiracy to distribute controlled substances was filed in the United States District Court for the District of Maryland. Docket Sheet at 2, #1. On April 4, 2014, after being advised by the Honorable J. Frederick Motz of his rights and whether he knowingly and voluntarily waived those rights, Mr. Ebo-Amissah was arraigned and entered a plea of guilty as to count two of the indictment pursuant to a written plea agreement with the Government. Docket Sheet at 5, #31. The signed plea agreement between the Government and Mr. Ebo-Amissah called for a base offense level of 34, with a two level enhancement for being an organizer, leader, manager or supervisor. The base offense level was increased another two levels for being directly involved in the importation of a controlled substance as well. Mr. Ebo-Amissah then received a two level decrease for prompt recognition and acceptance of responsibility, making his base offense level a 36. The Government also agreed not to oppose a two level downward variance due to the changes that were to go into effect regarding the Drug Quantity Table. Mr. Ebo-Amissah also agreed not to seek a further reduction based on the two level downward variance. Additionally, Mr. Ebo-Amissah also agreed to waive all of his rights to appeal the conviction, including

> whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the

> determination of the defendant's criminal history, the weighing of sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

Plea Agreement at 6-8, Docket Sheet at 5, #32.

At sentencing before Chief Judge Blake, the advisory guidelines were calculated to be a level 34 with a criminal history category I, and an advisory guidelines range of 151 to 188 months. Tr. 7/8/14 at 4-5. After hearing testimony from two accomplices, an informant from jail, and listening to argument, Judge Blake sentenced Mr. Ebo-Amissah to 156 months incarceration, 5 years of supervised release and a $100 special assessment. *Id.* at 117. Judge Blake advised him on the record that if he did have any appeal rights pursuant to the plea agreement, an appeal had to be noted within 14 days. *Id*. at 118. Mr. Ebo-Amissah noted his appeal to this Court on March 6, 2015. Docket Sheet at 6, #56.

## STATEMENT OF FACTS

From January, 2011, through June 6, 2012, Mr. Ebo-Amissah and several co-conspirators arranged for and transported over three kilograms of heroin from Ghana into the United States for distribution in Maryland. Mr. Ebo-Amissah, a Ghanian native, arranged at least two separate deliveries of heroin by couriers with Mr. Nana Boateng, a U.S. based heroin trafficker. PSR at 3. An ongoing investigation into this trafficking led to a federal wiretap authorization that captured several months of conversations between the conspirators. From this

3

information, it was learned that they were going to be sending a woman courier from Ghana to Dulles International airport in northern Virginia with a shipment of heroin. On May 29, 2011, U.S. Customs agents detained Ms. Yvonne Owusu at Dulles coming off a flight from Ghana. A search of her luggage revealed 3.3 kilograms of heroin. *Id.* at 3-5. Another attempt occurred the following year. In March, 2012, the conspirators had Mr. Sulemane Ali ingest 86 balloons of heroin and fly from Ghana to Dulles, where he was apprehended. Tr. 7/8/14 at 12-13, 17-19.

## SUMMARY OF ARGUMENT

The district court did not commit plain error during the Rule 11 proceedings with Mr. Ebo-Amissah. The district court questioned him appropriately, following the mandates of Rule 11 of the Federal Rules of Criminal Procedure, and the record supports a finding that Mr. Ebo-Amissah entered a knowing, intelligent and voluntary guilty plea. The sentence entered was at the low end of a correctly calculated guidelines range. There was no error, plain or otherwise. Additionally, Mr. Ebo-Amissah knowingly, intelligently and voluntarily waived his right to appellate review of this case in his written plea agreement and cannot now complain that any error was committed. Finally, Mr. Ebo-Amissah offers no compelling reason as to why his months late notice of appeal should not be dismissed as untimely filed.

# ARGUMENT

I. **THE DISTRICT COURT DID NOT COMMIT PLAIN ERROR WHEN ACCEPTING MR. EBO-AMISSAH'S GUILTY PLEA PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE.**

   A. **Standard of Review.**

   Absent appropriate objections to errors committed during a Rule 11 hearing any review is conducted under a plain error standard. *United States v. General*, 278 F.3d 389, 394-395 (4th Cir. 2002); *United States v. Martinez*, 277 F.3d 517, 530-534 (4th Cir. 2002).

   B. **Mr. Ebo-Amissah was properly advised and his plea was knowing and voluntary.**

   Once the trial court conducts a Rule 11 colloquy and finds the plea to be knowingly and voluntarily entered, absent compelling reasons to the contrary, the validity of the plea and defendant's corresponding guilt are deemed to be conclusively established. *United States v. DeFusco*, 949 F.2d 114, 119 (4th Cir. 1992). The precise manner in which Rule 11 proceedings are conducted is within the broad discretion of the district court. *United States v. Good*, 25 F.3d 218, 222 (4th Cir. 1994).

   Judge Motz followed the basic outline contained in Rule 11(b)(1) to (3) of the Federal Rules of Criminal Procedure when considering Mr. Ebo-Amissah's

guilty plea. Both the text of the rule and a citation to the record confirming the district court's plea colloquy are outlined below:

(b) Considering and Accepting a Guilty or Nolo Contendere Plea.

(1) Advising and Questioning the Defendant. Before the court accepts a plea of guilty or nolo contendere, the defendant may be placed under oath, and the court must address the defendant personally in open court [Tr. 4/4/14 at 3-17]. During this address, the court must inform the defendant of, and determine that the defendant understands, the following:

(A) the government's right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath [*Id.* at 4];

(B) the right to plead not guilty, or having already so pleaded, to persist in that plea [*Id.* at 8];

(C) the right to a jury trial [*Id.* at 8];

(D) the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceeding [*Id.* at 8];

(E) the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses [*Id.* at 9-10];

(F) the defendant's waiver of these trial rights if the court accepts a plea of guilty [*Id*. at 8];

(G) the nature of each charge to which the defendant is pleading [*Id*. at 5-6];

(H) any maximum possible penalty, including imprisonment, fine and term of supervised release [*Id.* at 6].

(I) any mandatory minimum penalty [*Id.* at 6];

(J) any applicable forfeiture [not applicable];

(K) the court's authority to order restitution [not applicable];

(L) the court's obligation to impose a special assessment [*Id.* at 6];

(M) that sentencing would be based on the factors listed in 18 U.S.C. § 3553(a) and the advisory Sentencing Guidelines [*Id.* at 7-8, 13-14];

(N) the terms of any plea-agreement provision waiving the right to appeal the convictions or the agreed upon sentence [*Id*. at 14];

(2) Ensuring That a Plea Is Voluntary. Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement). *Id*. at 11, 16-17.

(3) Determining the Factual Basis for a Plea. Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea. *Id*. at 16.

The Rule 11 colloquy between Judge Motz and Mr. Ebo-Amissah comported with the requirements of the rule and Mr. Ebo-Amissah stated that he understood the rights that he was giving up in pleading guilty. There is nothing in the record to suggest that there was plain error to warrant setting aside the conviction and sentence in this matter.

## II. THE COURT IMPOSED THE AGREED UPON SENTENCE AND MR. EBO-AMISSAH WAIVED HIS RIGHT TO APPEAL UNDER PARAGRAPH 12 OF THE PLEA AGREEMENT.

With narrow exceptions, if a defendant makes a knowing and voluntary waiver of his appellate rights, it is valid and enforceable. *United States v. Blick*, 408 F.3d 162, 168-171 (4th Cir. 2005); *United States v. General*, 278 F.3d 389, 399-401 (4th Cir. 2002); *United States v. Attar*, 38 F.3d 727, 731 (4th Cir. 1994). If a defendant appeals his conviction and sentence despite a knowing, voluntary and intelligent waiver of that right, the Court is required to dismiss the appeal. *United States v. Martin*, 961 F.2d 493, 496 (4th Cir. 1992).

Paragraph 12 of the plea agreement signed by Mr. Ebo-Amissah states in pertinent part as follows:

    a.    The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction.
    b.    The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the

> weighing of sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

Plea Agreement at 8, Docket Sheet at 5, #32. Judge Motz questioned Mr. Ebo-Amissah about his understanding of the waiver provision and he stated on the record that he understood. Tr. 4/4/14 at 14-15. He cannot now complain to this Court.

## CONCLUSION

For the foregoing reasons, there was no error in the Rule 11 proceedings and Mr. Ebo-Amissah waived his right to appeal under the terms of the plea agreement.

Respectfully submitted,

/s/ Francis A. Pommett, III
Francis A. Pommett, III
Law Offices of Nathanson & Pommett, P.C.
2 Dunmanway, Ste. 211
Baltimore, Maryland 21222
410-288-0888

Counsel for Appellant

9

# CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

   [ X ] this brief contains [*1,878*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

   [   ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

   [   ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].


Dated: July 31, 2015                               /s/ Francis A. Pommett, III
                                                   *Counsel for Appellant*

# CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 31st day of July, 2015, I caused this Brief of Appellant to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

>Kenneth Sutherland Clark
>OFFICE OF THE U.S. ATTORNEY
>36 South Charles Street, 4th Floor
>Baltimore, Maryland  21201
>(410) 209-4859
>
>*Counsel for Appellee*

I further certify that on this 31st day of July, 2015, I caused the required copies of the Brief of Appellant to be hand filed with the Clerk of the Court and a copy of the Brief of Appellant to be served, via U.S. Mail, postage prepaid, upon the Appellant:

>George Frimpong Ebo-Amissah, #56949-037
>Petersburg Low FCI
>Post Office Box 1000
>Petersburg, Virginia  23804

>/s/ Francis A. Pommett, III
>*Counsel for Appellant*